ThOMAS PHILLIPS V. THE STATE.

It is a rule of the Common Law, that where a Statute prohibits an act which was before lawful, and enforces the prohibition with a penalty ; and a succeeding Statute, or the same Statute in a subsequent, substantive clause, prescribes a mode of proceeding for the penalty, different from that by indictment, the prosecutor may, notwithstanding, proceed by indictment, upon the prohibitory clause, as for a misdemeanor.

An indictment lay, under the Act of 1848, to prevent burning the woods and prairies. (Hart. Dig. Art. 490, *et seq.*)

Appeal from Dallas. Tried below before the Hon. John H. Reagan.

Indictment and conviction for wilfully burning woodlands,

not the property of defendant, on the first day of February, 1855 ; fine assessed at $20. Motion in arrest, on the ground that an indictment did not lie for the offence, overruled.

*Burford & Good*, for appellant, cited 1 Chit. Cr. L. 162, 163 ; Id. 250, c. note 3 ; 4 Mod. 144 ; Rex v. Robinson, 2 Burr. 805 ; Rex v. Buck, 2 Str. 679 ; 15 Pick, 23 ; 1 Mo. R. 304 ; Whart. Am. Cr. L. 6 ; 7 Tex. R. 1 ; 9 Id. 313.

*Attorney General*, for appellee, cited Arch. Cr. Pl. 1.

WHEELER, J.   It is a rule of the Common Law, that where a Statute prohibits an act which was before lawful, and enforces the prohibition with a penalty, and a succeeding Statute, or the same Statute in a subsequent, substantive clause, prescribes a mode of proceeding for the penalty, different from that by indictment, the prosecutor may, notwithstanding, proceed by indictment upon the prohibitory clause, as for a misdemeanor at Common Law, or he may proceed in the manner pointed out by the Statute, at his option.   (Whart. Cr. L. 80, 3d edit.; 2 Hale, 171 ; 1 Burr. 545, per Dennison J.; 4 Tenn. R. 205 ; 1 Arch. Pl. 1–2.)   But, if the manner of proceeding for the penalty, be contained in the same clause which prohibits the act, the mode of proceeding given by the Statute must be pursued, and no other.   (2 Burrow, 805 ; 1 Str. 679.) The first Section of the Act (Hart. Dig. Art 490) simply prohibits the doing of that of which the defendant is charged, and thereby makes it indictable.   (Whart. Cr. L. 79, 80 ; 1 Arch. Cr. Pl. 1.)   And although a mode of proceeding before a Justice of the Peace, for the punishment of the offender, is provided in the second Section of the same Statute, it does not exclude the proceeding by indictment, under the rule above stated, because it is not contained in the same, but a subsequent, distinct, substantive clause ; and, therefore, the State had the option to proceed by indictment upon the prohibitory clause, as for a misdemeanor at Common Law, or to proceed

in the manner pointed out in the second Section. The District Attorney elected the former; and his right to do so is well supported by authority. The Court, therefore, did not err in overruling the motion in arrest, and the judgment is affirmed.

Judgment affirmed.